**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MALCOLM WASHINGTON,

                              Plaintiff,

                                                                                                            8:19-CV-00674
        v.                                                                                   (DNH/DJS)

ASSISTANT DISTRICT ATTORNEY SOPHIE
BERGMAN, *et al.*,

                              Defendants.

**APPEARANCES:**

MALCOLM WASHINGTON
Plaintiff, *Pro Se*
16-B-2263
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a Complaint submitted by *pro se* Plaintiff Malcolm Washington, asserting claims pursuant to 42 U.S.C. § 1983, together with two applications to proceed *in forma pauperis* ("IFP"), and a request for the Court to appoint Plaintiff counsel. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("Mot. to Appoint Counsel"); Dkt. Nos. 4 & 5 ("IFP Applications"). Also pending are various letter requests

- 1 -

to add parties or amend the names of parties already sued. Dkt. Nos. 9-11. Plaintiff is incarcerated at Franklin Correctional Facility. Plaintiff has not paid the filing fee for this action. By separate order, the Court approved Plaintiff's IFP Application. Dkt. No. 13.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the

- 3 -

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff's allegations relate to an investigation and subsequent charges against Plaintiff premised upon an alleged sexual relationship with his daughter. *See generally* Compl. Plaintiff contends Defendant Mcewan, a detective from the Endicott Police Department, investigated his daughter's complaint but did not question him regarding the sexual encounter. *Id.* at pp. 4 & 6. Detective Mcewan appeared at Plaintiff's home and informed him he was under arrest. *Id.* at p. 4. Plaintiff was then taken to the Endicott Police Department and placed in a cell. *Id.* Plaintiff asserts that Detective Mcewan also violated the Fourth Amendment by "holding [Plaintiff] against [his] will." *Id.* at pp. 4 & 6. Further, when Detective Mcewan informed him of the information his daughter provided regarding the sexual activity, Plaintiff denied it and when Plaintiff expressed

this to Mcewan, the Detective did not "get [Plaintiff's] side of the story" or "[take] a statement from [Plaintiff]." *Id.* According to Plaintiff, Detective Mcewan's conduct was not in accordance with the Endicott Police Department's filing protocols. *Id.*

Plaintiff claims that the prosecutor, Assistant District Attorney Sophie Bergman, purposely withheld DNA results from the court that would have acquitted him, and that Bergman prosecuted Plaintiff despite knowing Plaintiff was innocent. *Id.*

Plaintiff asserts that his counsel, David Butler, violated Plaintiff's Sixth Amendment right to have adequate assistance of counsel. Compl. at p. 6. Plaintiff contends that after he was taken to court and indicted, he informed Butler that his daughter was lying, but Butler did not write anything down. *Id.* at p. 4. Plaintiff asserts that over the next couple of weeks, Butler came to see him, but offered Plaintiff "no new information" regarding his case. *Id.* Butler informed Plaintiff that if the case went to trial, Plaintiff would lose, so according to Plaintiff, Butler coerced and "manipulated" him to take a plea, "even though [Plaintiff] was innocent." *Id.* at pp. 4 & 6. Plaintiff also contends that Butler was ineffective as counsel because he did not file any of Plaintiff's requested motions. *Id.* at p. 6.

Plaintiff denies the allegations underlying the criminal conviction. Compl. at p. 4. Plaintiff alleges his conviction resulted from a malicious prosecution and inadequate representation. *See generally* Compl. Plaintiff asks the Court to fully exonerate him and award him two hundred fifty million dollars in damages. *Id.* at p. 5

### C. State Action Requirement

A claim for relief under Section 1983 must allege facts showing that each defendant acted "under the color of a state statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. As noted above, Plaintiff asserts that his counsel failed to provide constitutionally adequate assistance of counsel. The allegations include failing to properly consider and investigate the charges and that Butler coerced and "manipulated" Plaintiff to take a plea, "even though [Plaintiff] was innocent." Compl. at pp. 4 & 6. Courts have routinely agreed, however, that criminal defense counsel are not state actors for purposes of section 1983. *Potter v. Ferrara*, 2019 WL 2343663, at *1 (S.D.N.Y. May 29, 2019) ("The representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney [was] privately retained, court-appointed, or employed as a public defender."); *Myers v. People of the State of New York*, 2015 WL 10015296, at *3 (N.D.N.Y. Jan. 8, 2015); *Ognibene v. Niagara Cty. Sheriff's Dep't*, 2003 WL 24243989, at *3 (W.D.N.Y. Dec. 1, 2003).

Accordingly, the Court recommends Plaintiff's claim against Butler be dismissed with prejudice.[2]

---

[2] For the same reasons, it would appear that Plaintiff's request to add another attorney, Michael Vargha, as a Defendant, Dkt. No. 11, would be futile. But given that no factual allegations are made regarding Vargha the Court does not, at this time, make any recommendation with respect to Vargha.

- 6 -

### D. Prosecutorial Immunity

Plaintiff claims that Sophie Bergman, the prosecuting Assistant District Attorney for Broome County, withheld DNA results from the court that would have acquitted him, and that Bergman prosecuted Plaintiff despite knowing Plaintiff was innocent. Compl. at p. 6. In particular, Plaintiff sues ADA Bergman for "prosecutorial misconduct." *Id.* at p. 5.

Prosecutors, however, are absolutely immune from liability for Section 1983 claims in matters involving the prosecution of individuals. *Ochoa v. Arcuri*, 2005 WL 2407522, at *1 (N.D.N.Y. Sept. 29, 2005) (citing *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir. 1994)). "Because a prosecutor is acting as an advocate in a judicial proceeding, the solicitation and subornation of perjured testimony, the withholding of evidence, or the introduction of illegally-seized evidence at trial does not create liability in damages." *Rudaj v. Treanor*, 2011 WL 13128215, at *2 (S.D.N.Y. Dec. 7, 2011) (quoting *Taylor v. Kavanagh*, 640 F.2d 450. 452 (2d Cir. 1981)) (claim seeking monetary damages against an Assistant United States Attorney for withholding evidence was dismissed because the prosecutor was entitled to absolute immunity).

In the present case, ADA Bergman is shielded by absolute prosecutorial immunity for all claims against her in her prosecutorial capacity and from claims for damages in her official capacity. *See Fonvil v. Cty. of Rockland*, 2018 WL 357309, at *2 (S.D.N.Y. Jan.

9, 2018); *see also Rudaj v. Treanor*, 2011 WL 13128215, at *2. Therefore, the Court recommends Plaintiff's claims against Bergman be dismissed with prejudice.

### E. New York Penal Law Claims

Plaintiff contends that Defendants Erwin and Mcewan offered false instruments for filing in the course of his investigation and subsequent arrest. Compl. at p. 6. To the extent Plaintiff seeks to litigate alleged criminal violations by these Defendants, such claims should be dismissed with prejudice because "[a]n individual plaintiff has no private right of action to enforce state criminal statutes." *Berger v. NYS Office for People with Developmental Disabilities*, 2016 WL 11265988, at *6 (N.D.N.Y. Nov. 8, 2016), *report and recommendation adopted,* 2017 WL 696686 (N.D.N.Y. Feb. 22, 2017) (citations omitted). "Absent guidance from state courts, federal courts are hesitant to imply private rights of action from state criminal statutes." *Watson v. City of New York*, 92 F.3d 31, 36 (2d Cir. 1996). Therefore, the Court recommends that these claims be dismissed with prejudice.

### F. *Heck v. Humphrey*

Plaintiff's remaining claims as currently pled may well be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

> to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. at 486-87. In his Complaint, Washington alleges no facts demonstrating that his conviction has been overturned. *See generally* Compl. Indeed, he is presently incarcerated, apparently as a result of his guilty plea. *Id.* at pp. 2 & 6. "[C]ourts routinely dismiss § 1983 claims that implicate the validity of the prisoner's conviction or sentence when he has failed to demonstrate that his conviction was favorably terminated." *Livingston v. Henderson*, 2019 WL 1427689, at *9 (N.D.N.Y. Mar. 29, 2019).

The precise nature of Plaintiff's legal theories is not entirely clear, but liberally construed, he appears to allege claims sounding in false arrest, false imprisonment, malicious prosecution, and the fabrication of evidence. *See* Compl. at pp. 5-6. Claims of this nature are generally viewed as barred by the rule in *Heck*. *See, e.g., Dayter v. Caputo*, 2019 WL 3037504, at *5 (N.D.N.Y. June 4, 2019), *report and recommendation adopted*, 2019 WL 3035409 (N.D.N.Y. July 10, 2019) (false arrest and false imprisonment) (citing cases); *Corley v. Vance*, 365 F. Supp. 3d 407, 441 (S.D.N.Y. 2019) (fabrication of evidence) (citing cases); *Godley v. Onondaga Cty.*, 2017 WL 2805162, at *5 (N.D.N.Y. Jan. 6, 2017), *report and recommendation adopted*, 2017 WL 2804944 (N.D.N.Y. June 28, 2017) (malicious prosecution) (citing cases).

Because Plaintiff has failed to show that his conviction has been overturned his § 1983 claims are barred under *Heck*. "Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). Plaintiff may be able to address the *Heck* bar identified here through more detailed pleading regarding the status of his conviction. As a result, the Court recommends that Plaintiff's claims addressed here as likely barred by *Heck* be dismissed without prejudice.[3] *See Amaker v. Weiner*, 179 F.3d 48. 52 (2d Cir. 1999).

However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Plaintiff cannot cure the deficiencies identified above as to Plaintiff's claims against Defendants Butler and Bergman, as well as, his claims alleging violations of criminal statutes and those claims should be dismissed with prejudice.

---

[3] In light of this recommendation, Plaintiff's letter requests regarding the addition of Defendants or modifications to the names of Defendants are denied, but those changes could be included in any Amended Complaint Plaintiff may choose to file.

## II.  APPOINTMENT OF COUNSEL

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

At this moment in time, the Court recommends that none of Plaintiff's claims against any of the defendants be permitted to proceed, and therefore, appointment of counsel is unwarranted.

Accordingly, Plaintiff's Motion for Appointment of Counsel is **denied without prejudice** to being renewed.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's claims against Defendants Butler and Bergman and any claims alleging violations of New York State Penal Law be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e) & 1915(A) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED**, that the remainder of the Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e) & 1915(A) for failure to state a claim upon which relief may be granted, but that Plaintiff be granted leave to amend; and it is

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 2) and letter requests regarding the joinder of parties (Dkt. Nos. 9-11) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<ins>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</ins>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 29, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).